# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROCKY SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 09-2337-KHV |
| **ARTISAN EARTHWORKS, L.L.C.,** | ) |
| **SMITH & GILL HOLDINGS, L.L.C.,** | ) |
| **ANDREW SMITH HOMES, L.L.C., and** | ) |
| **ANDREW SMITH,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 et seq., plaintiff brings suit against Artisan Earthworks, L.L.C., Smith & Gill Holdings, L.L.C., Andrew Smith Homes, L.L.C. and Andrew Smith. Plaintiff brings claims for racial and disability discrimination and retaliation against Artisan Earthworks (Counts I and IV), Smith & Gill Holdings (Counts II and V) and Andrew Smith Homes (Counts III and VI). Plaintiff also brings a supplemental state law slander claim against Andrew Smith (Count VII).

This matter is before the Court on the <u>Motion To Dismiss For Lack Of Jurisdiction</u> (Doc. #9) which Smith & Gill Holdings, Andrew Smith Homes and Andrew Smith filed September 9, 2009.[1] Defendants seek dismissal under Rules 12(b)(1), 12(b)(6) and 12(d), Fed.

---

[1] The title and introductory comments of defendants' motion and supporting memorandum identify only Smith & Gill Holdings and Andrew Smith Homes as movants. Subsequent text in the memorandum, as well as defendants' reply, indicate that Andrew Smith
(continued…)

R. Civ. P., contending that (1) plaintiff's Section 1983 claim fails because he does not allege that defendants acted under color of state law (Counts I through VI); (2) movants do not employ 15 or more employees and therefore are not subject to suit under the ADA or Title VII (Counts II, III, V and VI); (3) plaintiff does not allege a disability within the meaning of the ADA and he therefore fails to state a claim on which relief can be granted (Counts I through VI); and (4) the Court lacks subject matter jurisdiction over plaintiff's slander claim against Andrew Smith because it does not meet the requirements for pendent party jurisdiction (Count VII). For reasons stated below, the Court sustains defendants' motion in part.

## Factual Background

Plaintiff's complaint (Doc. #1) and attachments allege as follows:

Artisan Earthworks is a company which moves earth to prepare for housing and business development in the Kansas City metropolitan area. Andrew Smith Homes (now known as Smith & Gill Holdings) designs and builds residential housing projects such as the Vineyard, which is located in Overland Park, Kansas. Smith & Gill develops and finances land and housing projects, and funds a variety of projects including some originated by Andrew Smith Homes. Andrew Smith is the president of Andrew Smith Homes and is "heavily involved" in Artisan Earthworks and Smith & Gill Holdings.

Plaintiff has a hearing condition which resulted from a substantial injury to his back and neck in 2003. On May 20, 2008, Artisan Earthworks hired plaintiff, who is Caucasian, as an asphalt laborer. One week later it promoted him to supervisor. All of plaintiff's supervisors

---

[1] (continued…)
joins in the portion of the motion which seeks dismissal of the single claim against him. The Court therefore assumes that the omission of Smith's name from the title and introductory text of the motion and supporting memorandum was an oversight and that Smith joins in the motion to dismiss.

knew about plaintiff's injury and its affect on his hearing and speech. While employed by Artisan Earthworks, plaintiff worked on the Oddo development at 101st Street and Lackman Road in Lenexa, Kansas. Shortly thereafter, plaintiff also began working for Smith & Gill Holdings. He received checks from both Smith & Gill and Artisan Earthworks for work on a new CVS Pharmacy and Olathe Trails.[2] Defendants knew about plaintiff's hearing condition.

On June 2, 2008, Smith asked plaintiff to get 18 workers for Artisan Earthworks to work on the CVS Pharmacy and another project. Shortly thereafter, Smith sent plaintiff a text message which asked "Did you get the guys." Plaintiff responded that he had not, and Smith sent another text message which stated "No pressure . . . just asking out of curiosity . . . We might have to go Mexican."

On June 9, 2008, plaintiff attended a meeting where he, Smith, Joe Gill (co-owner of Smith & Gill, Andrew Smith Homes and Artisan Earthworks), Jamie Howard (manager of Artisan Earthworks) and others discussed whether some employees should be fired. Jack Greer stated that Daniel Schlagle should be fired because of his epilepsy and heart condition.[3] Plaintiff responded that that Schlagle was a good worker and should not be fired.

That same day, Gill instructed plaintiff to place magnetic signs which read "Artisan Earthworks" on his truck and to go to the KCATA[4] with Howard. Gill gave plaintiff money and instructed him to recruit Mexican workers from a gas station on Broadway. Plaintiff refused and Gill instructed him not to worry about it and to go on to the KCATA job site.

---

[2] The record does not reveal the nature of the Olathe Trails project.

[3] The record does not reveal Greer's title or the nature of his affiliation with defendants.

[4] The record does not reveal any additional information about the KCATA.

On June 20, 2008, Smith told plaintiff to return to the KCATA job site. He remained there until 11:00 a.m., when he received a call from Howard. Howard told plaintiff that he was being fired and to return and turn in credit cards, office keys and other items. When plaintiff returned to the office, he received a letter which confirmed that he had been fired.

On June 27, 2008, plaintiff returned to the office to pick up his final paycheck. He ran into Smith, who laughed and told him, "You don't have jack on me." Smith told plaintiff that he had sent the texts on a company phone on June 2, 2008, not Smith's own phone, and Smith became upset when plaintiff reminded him that he had received the texts on his own phone. Plaintiff filed a complaint with the Equal Opportunity Employment Commission and received a right to sue letter on March 30, 2009.[5] On June 22, 2009, plaintiff filed suit.

Plaintiff believes that a Hispanic worker replaced him and that after he was terminated, defendants have hired Hispanic workers rather than union members or others with "normal" experience. Plaintiff believes he was terminated because he refused to hire illegal immigrants from Mexico to work for defendants and because he warned defendants not to fire another employee because of his medical condition.

Plaintiff used Artisan Earthworks as a job reference but could not find employment, and he believes that Smith told potential employers that he destroyed, damaged and/or stole property, which caused them not to hire him.

## **Analysis**

A. Claims under 42 U.S.C. § 1983 (Counts I through VI)

---

[5] Plaintiff's complaint alleges he received the Notice of Right to Sue letter on November 13, 2007. See Doc. #1, ¶21. The letter attached to his complaint is dated March 30, 2009. See Doc. #1-1. The Court assumes the date on the attachment is correct.

Defendants seek to dismiss plaintiff's claims under 42 U.S.C. § 1983 because plaintiff does not (and cannot) allege that they acted under color of state law.

The only proper defendants in a Section 1983 claim are those who represent the state in some capacity. Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995). Plaintiff does not contest defendants' motion on this ground and the Court therefore sustains it.

B. Claims under Title VII and Americans with Disabilities Act (Counts II, III, V and VI)

Smith & Gill Holdings and Andrew Smith Homes argue that the Court lacks subject matter jurisdiction over plaintiff's Title VII and ADA claims because they did not employ 15 or more employees during the relevant time frame and they therefore are not "employers" under either statute.[6] Defendants seek dismissal under Rules 12(b)(1) and 12(b)(6). Alternatively, they seek summary judgment and cite facts beyond the complaint, including an affidavit from Andrew Smith regarding the number of employees which Smith & Gill and Andrew Smith Homes employed in 2008 and 2009. See Memorandum In Support Of Defendants Smith & Gill Holdings, LLC, And Andrew Smith Homes, LLC Motion To Dismiss For Lack Of Jurisdiction (Doc. #10) at 7.

---

[6] The ADA, 42 U.S.C. § 12111(5)(A) states in relevant part as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person. . . .

Title VII, 42 U.S.C. § 2000e(b) states in relevant part as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . .

In a Rule 12(b)(1) motion, parties may introduce evidence to challenge the facts upon which subject matter jurisdiction is based so that the Court can determine whether it has jurisdiction. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 2006). The Tenth Circuit formerly required courts examining employee numerosity under the ADA to convert a Rule 12(b)(1) motion to one for summary judgment, because the jurisdictional claim and the merits were intertwined. Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 978 (10th Cir. 2002). The Supreme Court effectively abrogated Trainor, however, by holding that the Title VII numerosity requirement, which is identical to that of the ADA, is not jurisdictional. Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006). Therefore, whether an employer meets the employee numerosity requirement under Title VII and the ADA is not jurisdictional; it is simply an element of plaintiff's claim for relief. Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 623-624 (7th Cir. 1997) (ADA employee numerosity requirement not jurisdictional); see also Xie v. Univ. of Utah, 243 Fed Appx. 367, 371 (10th Cir. 2007). Consequently, the Court evaluates the complaint and motion to dismiss under Rule 12(b)(6), not Rule 12(b)(1). Anthony v. Alorica, Inc., No. 09-2437-CM, 2009 WL 648945, at *2 (D. Kan. March 12, 2009).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d Cir. 2008)).

For the Court to consider matters outside the pleadings such as the affidavit, it must exercise its discretion to convert the Rule 12(b)(6) motion into one for summary judgment. See e.g. Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202, 475 F. Supp.2d 1092, 1097 (D. Kan. 2007). To do so, the Court must typically provide notice of the conversion to plaintiff along with an opportunity for limited discovery on the employer issue or, at minimum, an opportunity to address the issue by affidavit. Wright v. New Linwood Café, No. 09-2182-JWL, 2008 WL

2795127, at *1 (D. Kan. July 18, 2008). Defendants acknowledge that because they offer evidence on the issue, the Court should convert the motion to dismiss into one for summary judgment and they offer a factual statement as required by D. Kan Rule 56.1. In an apparent attempt to comply with D. Kan. Rule 56.1, defendants allege the following facts supported by the Smith affidavit: (1) neither Smith & Gill Holdings nor Andrew Smith Homes LLC employed 15 or more persons within the time frame required by the relevant statutes; and (2) only Andrew Smith has the authority hire and fire employees. In response, plaintiff attaches affidavits which purport to controvert Smith's testimony regarding the number of employees employed.[7]

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Liberty Lobby, 477 U.S. at 248. The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.

A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252. The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga,

---

[7] Plaintiff does not properly controvert defendants' facts as required by D. Kan. Rule 56.1(b)(1). Therefore the Court has discretion to deem admitted the material facts set forth in defendants' motion. Defendants' statement of fact #3 – that neither defendant employed 15 or more persons "within the time frame required by the relevant statutes" – is unsupported by the affidavit he cites, however, and therefore fails to comply with D. Kan. 7.6(a)(2) and 56.1(d).

Okla., 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which [he] carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). And, while the Court views the record in a light most favorable to the party opposing summary judgment, the nonmoving party may not rest on his pleadings but must set forth specific facts. Id. The nonmoving party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. Liberty Lobby, 477 U.S. at 250-51.

A defendant is an "employer" under Title VII and the ADA if it had 15 employees for a 20-week period during the calendar year of the alleged wrong or the preceding calendar year. Reith v. Swenson, No. 92-1139-T, 1993 WL 108056, at *2 (D. Kan. March 30, 1993). According to the Complaint, defendants terminated plaintiff's employment on June 20, 2008. Therefore, to establish that they are not employers subject to Title VII or the ADA, Smith & Gill Holdings and Andrew Smith Homes must show that they did not have 15 employees for 20 weeks in either calendar year 2008 (the year of the alleged violation) or 2007 (the prior year). Defendants' affidavits, however, address the wrong time frame. Smith testifies that neither movant employed 15 or more employees in the years 2008 or 2009, but nothing in the record addresses how many employees worked for either movant in 2007. Defendants therefore have not demonstrated that they are entitled to judgment as a matter of law on this issue.

- C. Whether Plaintiff Alleges a Disability Sufficient to State a Claim Under the ADA (Counts II, III, V, and VI)

Defendants argue that plaintiff has not alleged a disability under the Americans With

9

Disabilities Act and that his ADA claims should therefore be dismissed. Under 42 U.S.C. § 12012, a disability is a physical or mental impairment which substantially limits one or more major life activities (which include hearing); a record of such an impairment or where defendants regard plaintiff as having such an impairment whether or not it limits or is perceived to limit a major life activity.[8] The complaint alleges that plaintiff previously seriously injured his neck and back which affects his hearing and possibly his speech. The complaint further alleges his supervisors knew about his impairment. Plaintiff has therefore alleged he suffers from an impairment to a major life activity. Unfortunately, however, the complaint does not allege whether or how plaintiff's impairment *substantially* limits his hearing. It therefore contains no factual allegations which demonstrate that his ADA claim is plausible as opposed to merely conceivable. Iqbal, 129 S.Ct. at 1950. Indeed, plaintiff participated in conversations by telephone and in person, and he alleges no facts which suggest that he suffers from a substantial hearing impairment which qualifies as a disability under the ADA.

The Court therefore sustains defendants' motion on this ground.

D. Slander Claim Against Andrew Smith (Count VII)

Plaintiff alleges that Smith falsely told potential employers that he had destroyed,

---

[8] 42 U.S.C. § 12012 states in relevant part as follows:
(1) Disability
The term "disability" means, with respect to an individual--
    (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
    (B) a record of such an impairment; or
    (C) being regarded as having such an impairment (as described in paragraph (3)).
(2) Major life activities
    (A) In general
    For purposes of paragraph (1), major life activities include, but are not limited to . . hearing. . . .

damaged, or stolen property. Smith seeks dismissal of plaintiff's state law slander claim, arguing that the Court should decline to exercise supplemental jurisdiction because the allegations against him are unrelated to plaintiff's federal claims. Specifically, Smith argues that plaintiff's claim does not form the basis of and is unrelated to plaintiff's remaining claims that defendants discriminated and retaliated against plaintiff on the basis of race and disability.

Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over a state law claim which derives from a common nucleus of operative fact with asserted federal claims. See Fisher v. Lynch, 531 F. Supp.2d 1253, 1271 (D. Kan. 2008). Plaintiff's federal claims involve claims that defendants discriminated and retaliated against him. While plaintiff's state law slander claim is based on conduct which occurred after the termination of his employment, the anti-retaliation provision of Title VII protects former employees and extends to any adverse treatment which is based on a retaliatory motive and is reasonably likely to deter the former employee and others from engaging in protected activity. See Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 56 (2006). Accordingly, for purposes of this motion, the Court concludes that plaintiff's slander claim is sufficiently related to his Title VII claims to form part of the same case or controversy. It therefore elects to exercise supplemental jurisdiction over plaintiff's slander claim. The Court overrules defendants' motion on this ground. If the Court later dismisses plaintiff's federal claims, it may decline to exercise supplemental jurisdiction over plaintiff's state law slander claim and dismiss it at that time.

E. Plaintiff's Request To Amend Complaint

In response to defendants' motion, plaintiff seeks leave to amend his complaint to substitute a claim under 42 U.S.C. § 1981 for his improper claim under 42 U.S.C. § 1983 and to

add additional factual allegations.  See Plaintiff's Suggestions In Opposition To Defendants Smith & Gill Holdings, LLC And Andrew Smith Homes, LLC Motion To Dismiss For Lack Of Jurisdiction (Doc. #14) filed September 30, 2009.  While plaintiff attaches a copy of the proposed amended complaint, his request does not comply with Fed. R. Civ. P. 15 and D. Kan. 15.1, which require plaintiff to file a separate motion which contains a concise statement of the amendment(s) sought.  The Court therefore overrules it.

F. Remaining Claims (Counts I through VI)

The claims which remain allege race discrimination and retaliation under Title VII.  Title VII of the Civil Rights Act of 1964 forbids employment discrimination based on race, color, religion, sex or national origin.  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. at 56.  A separate section of the Act – its anti-retaliation provision – forbids an employer from discriminating against an employee for opposing any practice made unlawful by Title VII.  Id.

Plaintiff, who is Caucasian, alleges that defendants discriminated and retaliated against him because he refused to hire illegal immigrants from Mexico to work for them, and that he believes he was replaced with an Hispanic worker.  Plaintiff has alleged no other factual basis for his racial discrimination and retaliation claims.  The Court is unaware of any authority which makes refusing to hire illegal immigrants from Mexico protected conduct under Title VII.  Plaintiff's retaliation claim therefore appears deficient under Fed. R. Civ. P. 12(b)(6).

Further, plaintiff pleads no facts which state a plausible claim that he was the victim of reverse discrimination because of his race.  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  Iqbal, 129 S.Ct. at 1950.  Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief, and it not enough to make threadbare

12

recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. To state a claim for reverse discrimination, plaintiff must plead facts which allege that defendant is an unusual employer who discriminates against the majority. See Notari v. Denver Water Dept., 971 F.2d 585, 589 (10th Cir. 1992). Plaintiff's complaint contains no such allegations. Accordingly, plaintiff is ordered to show cause by May 25, 2010 why the Court should not dismiss his remaining claims for failing to state a claim under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that Motion To Dismiss For Lack Of Jurisdiction (Doc. #9), filed September 9, 2009 be and hereby is **SUSTAINED in part.** The Court hereby dismisses all claims to the extent they purport to state claims under 42 U.S.C. § 1983 and the ADA.

**IT IS FURTHER ORDERED** that on or before May 27, 2010 plaintiff show cause in writing why the Court should not dismiss his remaining claims.

Dated this 13th day of May, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge