IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROCKY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2337-KHV |
| ARTISAN EARTHWORKS, L.L.C., ) | |
| SMITH & GILL HOLDINGS, L.L.C., ) | |
| ANDREW SMITH HOMES, L.L.C., and ) | |
| ANDREW SMITH, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 et seq., plaintiff brings suit against Artisan Earthworks, L.L.C., Smith & Gill Holdings, L.L.C., Andrew Smith Homes, L.L.C. and Andrew Smith. On May 16, 2010, the Court dismissed plaintiff's claims under Section 1983 and the ADA and ordered plaintiff to show cause in writing on or before May 27, 2010 why his Title VII race discrimination and retaliation claims (and supplemental state law slander claim) should not be dismissed for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. See Doc. #16. This matter is before the Court on plaintiff's Motion For An Extension Of Time To Respond To The Court's Order (Doc. #17) filed May 25, 2010; plaintiff's Motion For Leave To Amend The Petition [sic] Of Plaintiff (Doc. #18) filed June 3, 2010 and amended June 10, 2010 (Doc. #20); and Plaintiff's Reply To The Show Cause Order Dated May 13, 2010 (Doc. #19) filed June 3, 2010.

1

I.   Motion For An Extension Of Time To Respond To The Court's Show Cause Order

As a preliminary matter, the Court sustains as unopposed plaintiff's motion for extension of time. In its order, the Court directed plaintiff to show cause by May 27, 2010. In his motion for extension of time, plaintiff's counsel erroneously identifies the response date as May 25, 2010 and seeks "three additional days" -- until May 28, 2010 -- within which to respond. Plaintiff actually filed his response six days later, on June 3, 2010. Defendants did not respond to plaintiff's request for additional time. Under D. Kan. Rule 7.4, if a party does not file a response, the Court ordinarily will consider and decide the motion as uncontested and will grant the motion without further notice.

II.   Motion To Amend Plaintiff's Reply To The Show Cause Order Dated May 13, 2010

After dismissing plaintiff's claims under 42 U.S.C. § 1983 and the ADA, the Court ordered plaintiff to show cause in writing why it should not dismiss his remaining Title VII race discrimination and retaliation claims for failure to state a claim, and his supplemental state law slander claim. Plaintiff, who is a Caucasian man, alleged that defendants discriminated and retaliated against him because he refused to hire illegal immigrants from Mexico to work for defendants, and that he believes defendants replaced him with an Hispanic worker. In its show cause order, the Court noted that it was unaware of any authority which makes refusing to hire illegal immigrants protected conduct under Title VII and that plaintiff's retaliation claim therefore appeared to be deficient under Fed. R. Civ. P. 12(b)(6). The Court also concluded that the complaint did not plead sufficient facts to state a plausible reverse discrimination claim because it included no facts which alleged that defendant is an unusual employer who discriminates against the majority. See Doc. #16, 13.

Plaintiff filed both a brief response to the Court's show cause order as well as a motion for leave to amend his complaint. Defendants did not respond to plaintiff's motion. Normally, the Court would consider and decide plaintiff's motion to amend as uncontested under D. Kan. Rule 7.4(b) and would grant it without further notice. To the extent the motion attempts to correct the pleading deficiencies identified by the Court, however, the Court considers the motion on the merits.

Plaintiff seeks leave to amend his complaint to replead his ADA claims and to more clearly allege his Title VII claims. Specifically, plaintiff seeks to supplement and clarify (1) his Title VII discrimination claim by alleging that defendants systemically replaced Caucasian-American employees with employees from Mexico; (2) his ADA discrimination claim by specifically pleading his disability; (3) his ADA retaliation claim by alleging that because of disability, defendants targeted a co-worker for termination and then terminated plaintiff's employment after he objected and told defendants that to do so would be illegal.

In the proposed amended complaint, plaintiff alleges (1) that he was discriminated against based upon race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and the Civil Rights Act of 1991; (2) that he was discriminated against based upon disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 1201 et seq.; and (3) that he was retaliated against in violation the ADA for opposing the termination of another employee because of that employee's disability combined with "the clear direction the company was going with its employee [sic]."

Under D. Kan. Rule 7.4(b) and for good cause shown, the Court sustains plaintiff's motion with respect to his ADA claims. With respect to his Title VII discrimination claim, plaintiff does identify facts which (barely) allege that defendant may be an unusual employer

who discriminates against the majority by alleging that defendants wanted to replace Caucasian workers "wholesale" with Mexican employees to "save considerable costs." With respect to his Title VII retaliation claim, however, plaintiff apparently concedes dismissal. He identifies no legal authority or additional facts which suggest that refusing to hire Mexican workers constitutes protected conduct under Title VII, and his proposed First Amended Complaint does not include a retaliation claim based upon this theory.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For An Extension Of Time To Respond To The Court's Order (Doc. #17) filed May 25, 2010 and Motion For Leave To Amend The Petition [sic] Of Plaintiff (Doc. #18) filed June 3, 2010 and amended June 10, 2010 (Doc. #20) be and hereby are **SUSTAINED**. On or before October 20, 2010, plaintiff shall file his amended complaint.

Dated this 13th day of October, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
